# COMMONWEALTH OF VIRGINIA

## SUMMONS – CIVIL ACTION

RULE 3:5; VA. CODE § 8.01-2

Case No. CL24000050-00

WINCHESTER Circuit Court

5 NORTH KENT STREET, WINCHESTER -
ADDRESS

TO:

HOME DEPOT USA INC, REGISTERED AGENT
100 SHOCKOE SLIP FL 2

RICHMOND, VA 23219-4100

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

JANUARY 30, 2024 GARDNER, WILLIAM D Clerk
DATE

by /S/ STEELE, MELISSA
DEPUTY CLERK

Instructions:

Hearing Official:

Uploaded: 2024JAN29 16:54 Filed By:Bar# 74789 CCORRELL Reference: EF#138011
E-Filed: 2024JAN29 WINCHESTER CC MESTEELE at 2024JAN30 08:02 CL24000050-00

VIRGINIA:

IN THE CIRCUIT COURT FOR CITY OF WINCHESTER

| | | |
|---|---|---|
| JOHN M. BYRNE JR., | ) | |
| *Plaintiff,* | ) | |
| v. | ) | Case No. CL24-50 |
| HOME DEPOT U.S.A., INC, | ) | |
| *Defendant.* | ) | |
| *SERVE:* | ) | |
| HOME DEPOT USA, INC., | ) | |
| *c/o Registered Agent:* | ) | |
| CORPORATION SERVICE CO. | ) | |
| 100 Shockoe Slip Fl 2, | ) | |
| RICHMOND, VA, 23219 - 4100 | ) | |
| (City of Richmond) | ) | |

**COMPLAINT**

COMES NOW the Plaintiff, JOHN M. BRYNE JR., by and through his undersigned counsel, and complains of the Defendant HOME DEPOT U.S.A., INC and states as follows:

## I. JURISDICTION

1. This action arises out of the Defendant's tortious conduct committed within the Commonwealth of Virginia, and this Court has jurisdiction over the parties and the subject matter of this action pursuant to Va. Code § 17.1-513.

## II. PARTIES

2. Plaintiff, JOHN M. BRYNE JR., (hereinafter "Plaintiff" or "the plaintiff") is an adult individual residing in the City of Winchester, Virginia and was a business invitee at the premises where the tortious conduct transpired.

3. Defendant HOME DEPOT U.S.A., INC. (hereinafter "Defendant" or "the defendant" or "Defendant Home Depot" or "HOME DEPOT USA, INC" unless otherwise referenced) is now, and at all times relevant, was a corporation doing business in Virginia with the principal office address of 2455 Paces Ferry Rd SE, Atlanta, GA, 30339 - 6444.

4. Defendant owned and/or managed the premises known as Home Depot located at 2350 Legge Blvd in the City of Winchester.

## III. FACTUAL ALLEGATIONS

5. That on or about September 22, 2023, Plaintiff was a business invitee at the Home Depot, premise owned and managed by Defendant, for the purpose of purchasing various items.

6. Plaintiff proceeded in the aisle of the Garden Department of Home Depot when suddenly and without warning Plaintiff slipped on the slippery floor and was injured.

7. Plaintiff did not view any warning signs at the area of its hazardous condition or that the floor was slippery prior to walking on the slippery floor. There was signage several feet away from the drain but was only visible from other vantage points, not the Plaintiff's own.

8. The Defendant knew or had reason to know of the hazardous condition because the aisle had been slippery before the fall and the Defendant had placed a warning sign, albeit in a location that was not viewable from the perspective of a someone walking up the aisle and toward the exit.

9. The slippery and hazardous condition of the area was not marked off with any warning or signs which would have been viewable from the Plaintiff's point of view when he was walking up the aisle.

10. Defendant, through its employees and/or agents negligently created and/or did not correct the dangerous and unsafe condition which caused Mr. Byrne's injuries, and negligently failed to remedy the condition or warn Plaintiff of the dangerous condition.
11. Defendant had a duty to ensure that the property was maintained in a safe condition and breached that duty by failing to correct the slippery and hazardous condition of the floor or area.
12. As a direct and proximate result of Defendant's negligence and breach of duty, the hazardous condition caused Plaintiff to sustain bodily injuries which will have an effect on his health according to their degree and probable duration; physical pain and mental anguish; inconvenience; medical expenses; lost earnings; and loss of or lessening of earning capacity. For each of these damages, he will continue to endure them in the future.

## IV. COUNTS

### COUNT I - NEGLIGENCE
(Defendant HOME DEPOT)

13. The allegations in paragraphs 1-12 are incorporated by reference as though fully set forth herein.
14. The Defendant, as owner and manager of the premises, maintained control over all the common areas of the premises.
15. The Defendant, as owner and manager of the premises, owed Plaintiff a duty of care to maintain the property and the common areas in a reasonable safe condition and to warn customers and passersby of hazards.

16. The Defendant breached that duty by failing to correct the hazardous and slippery conditions of the floor when the Defendant knew or had reason to know of the hazardous condition.

17. The Defendant breached that duty by failing to erect any viewable warning for customers and passersby that the floor and area was hazardous and slippery from a vantage point that could be seen from the Plaintiff.

18. As a direct and proximate result of Defendant's negligence, Plaintiff suffered injuries and damages without any contributory negligence on the part of the Plaintiff.

**COUNT II – PREMISES LIABILITY**
(Defendant HOME DEPOT)

19. The allegations in paragraphs 1 to 12 are incorporated as if fully set forth.

20. Defendant, as owner and manager of the premises, possessed knowledge or should have reasonably known that the floor and area was slippery and hazardous.

21. Defendant had a legal duty to the customers and passersbys at the premises and other invitees to prevent harm to others on their property from a known hazard that existed.

22. Defendant has a non-delegable duty to use ordinary care to maintain in a reasonably safe manner any part of the premises that was reserved for the common use of all customers and passersby, such as the aisle and floor.

23. Defendant breached the duty of care in the following manner:

    a. Failing to maintain the premises owned by Defendant in good and safe condition for the Plaintiff and the other;

    b. Failing to warn customers and passersby of the slippery and hazardous condition of the floor and the area; and

c. Failing to erect a barrier or any warning sign on the immediate area to alert individuals passing and using the aisle of a potential risk of harm.

24. As a direct and proximate result of Defendant's breach of duty, Plaintiff suffered injuries and damages without contributory negligence on the part of the Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment against Defendant and award the following relief:

a. Compensatory damages in the amount of $750,000.00;

b. Pre-judgment interest beginning on September 22, 2023 and post judgment interest on the damages awarded at the highest rate allowed by law under Va. Code Ann. §§ 6.2-302 and 8.01-382, respectively;

c. Costs and expenses incurred in bringing this action; and

d. Any further relief that the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED.**

**Dated: January 29, 2024**

Respectfully submitted,

JOHN M. BRYNE JR.
By Counsel

Carroll "Beau" Correll, Jr., *Esq.*
CORRELL LAW FIRM, PC
1833 Plaza Drive
Winchester, VA 22601
(540) 535-2005 (Phone)
540-535-2008 (Facsimile)
beau@correllfirm.com
Virginia State Bar #74789
*Counsel for Plaintiff*